TOWN OF HIGHGATE *v.* MISSISQUOI LIME WORKS, INC. ET AL.

May Term, 1932.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed October 18, 1932.

*Wm. R. McFeeters* for the defendants.

*Webster & Webster* for the plaintiff.

GRAHAM, J.   This is a proceeding in chancery to foreclose a tax lien. The defendants demurred to the bill, and for causes of demurrer state that the plaintiff is not entitled to equitable relief because it has a complete and adequate remedy at law. The court of chancery overruled the demurrer, and entered its decree for the plaintiff, one year to redeem. The defendants appeal.

In the year 1930, the plaintiff town assessed a tax on the grand list of the defendant, Missisquoi Lime Works, Inc., a Vermont corporation located at St. Albans. The grand list was based solely upon an appraisal by the listers of real estate owned by this defendant in the plaintiff town. The defendant refused to pay the tax upon demand when due, and the plaintiff brought an action at law under the provisions of sections 917-920 of the General Laws to enforce collection. All the real estate of the defendant located in the plaintiff town was attached in the suit. The plaintiff prosecuted the cause in court, and obtained a judgment for the amount of the tax and costs. An execution was duly issued upon the judgment, and it was levied upon the same real estate, but, without any further effort to collect on the execution, the plaintiff instituted these proceedings.

The defendants, Peoples Trust Company and J. Gregory Smith, are holders of mortgages upon this real estate which were executed prior to the assessment of the tax. The defendant, International Cooperage Company, placed an attachment upon the property prior to the tax assessment, and the defendant, Angie Maskell is a subsequent purchaser of a part of the real estate.

The defendants point out that there are three statutory methods for the collection of these taxes: (1) Sale of the land by the collector under G. L. 896-901; (2) action at law under G. L. 917-920; and, (3) enforcement of the tax lien under G. L. 916. They argue that these statutory remedies are exclusive; that, when the plaintiff elected to proceed by action at law, it was thereafter barred from proceeding by any of the other prescribed methods; that the tax was merged in the judgment, and the tax lien was extinguished by the attachment and the subsequent levy of execution. These contentions are without

merit. By No. 52 of the acts of 1910, the Legislature provided a general extension of remedies for the collection of taxes. Section 4 of this act (now G. L. 916), provides: ''Taxes lawfully assessed upon real estate shall be a first lien thereon, underlying all mortgages, attachments, liens or other encumbrances thereon; and underlying all estates for a term of a natural life or lives, for a term of years or for any other duration. Such lien shall remain in full force and effect until all taxes laid or assessed on such real estate have been fully paid or otherwise discharged, and it may be enforced by any appropriate proceeding at law or in equity.'' It is clear from the broad language of the statute that the Legislature intended to provide summary and effective remedies for the collection of the public revenue. These statutory remedies are not exclusive, but cumulative. Cooley on Taxation (4th ed.), vol. 3, § 1332; *City of Boston* v. *Turner*, 201 Mass. 190, 87 N. E. 634. If the action at law proves inadequate, resort may be had to proceedings in equity, either independently or in aid of the action at law. The choice of one remedy does not bar the right to proceed by any other statutory method. The plaintiff might properly proceed by action at law to determine the validity of the tax, and, when that was determined by judgment and that method proved inadequate to collect the tax, then proceed in equity to foreclose the lien. The tax is not merged into a mere personal obligation by the judgment; the judgment merely determines its validity as a tax. The obligation still retains the characteristics of a tax. The tax lien was not extinguished by the attachment and levy of execution. The statute expressly preserves the lien until the taxes are fully paid or otherwise discharged. They were not paid or otherwise discharged by an unsatisfied judgment. The defendants, Missisquoi Lime Works, Inc., complain that the plaintiff, by pursuing two remedies successively, has imposed upon him increased taxable costs. It is a sufficient answer that the defendant might have avoided this result by paying the tax which was concededly valid and payable at the time the judgment was rendered.

*Decree affirmed, and cause remanded.*