*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-054

OCTOBER TERM, 2014

| | |
|---|---|
| City of Burlington | } APPEALED FROM: |
| | } |
| | } Superior Court, Chittenden Unit, |
| v. | } Civil Division |
| | } |
| Bilmar Team Cleaners, A Vermont | } |
| Partnership and Margaret Murray, | } |
| Individually and as Successor to Bilmar | } DOCKET NO. S1161-11 CnC |
| Team Cleaners | } |

Trial Judge: Dennis R. Pearson

In the above-entitled cause, the Clerk will enter:

This is the fourth appeal brought by taxpayer concerning taxes assessed on her property in Burlington. In this case, the court granted the City of Burlington's request to dismiss a collection action that it had filed against taxpayer. Taxpayer appeals pro se from the dismissal order and the court's denial of her request to bring a counterclaim. We affirm.

The City filed a complaint against taxpayer in October 2011, seeking to collect unpaid property taxes pursuant to 32 V.S.A. §§ 5221-5227. The case was stayed while taxpayer pursued an appeal of her tax abatement request. Ultimately, the City's Board of Abatement voted to abate taxes that had accrued prior to 1994 on the ground that arrearages more than fifteen years old were uncollectible due to the limitations period. See Murray v. City of Burlington, 2012 VT 11, ¶ 4, 191 Vt. 597 (mem.) (initial abatement appeal); Murray v. City of Burlington, Docket No. 2013-164 (Sept. 13, 2013), at *1 (affirming board of abatement's decision), available at https://www.vermontjudiciary.org/lc/masterpages/unpublishedeo2011-present.aspx. Taxpayer also has an appeal pending before this Court in which she challenges the 2011 valuation of the Burlington property. See In re Bilmar Team Cleaners, Supreme Court Docket No. 2013-414.

In November 2013, the City moved to dismiss its complaint under Vermont Rule of Civil Procedure 41(a)(2). The City asserted that its complaint was moot as the City had obtained the delinquent taxes that it sought through a tax sale of the property. See 32 V.S.A. §§ 5251-5263 (describing tax sale process). After receiving the motion to dismiss, taxpayer sought permission to amend her pleadings to add a counterclaim against the City. She proposed to argue that a portion of the taxes collected during the tax sale were barred by statutes of limitations. She asked the court to order the City to perform an accounting of the tax sale proceeds and to return to her any money illegally collected.

The court denied taxpayer's motion to amend and granted the City's motion to dismiss. The court found that taxpayer was seeking to add a counterclaim more than two years after the case had been filed. The court declined to address the merits of the proposed counterclaim.

Instead, for efficiency and clarity purposes, the court found that taxpayer's claim was more appropriately brought as a new action. The only practical difference, the court found, was the filing fee that taxpayer would owe. As to the motion to dismiss, the court found that the City's primary claim was clearly moot in light of the tax sale of taxpayer's property. The court found no reason why the City should not be allowed to dismiss its own case and it noted that there was no pending counterclaim or cross-claim that required adjudication. Taxpayer appealed from these decisions.

On appeal, taxpayer argues that, in keeping with Vermont's liberal amendment policy, the court should have denied the motion to dismiss and allowed her to file a counterclaim. She questions why the City's complaint was dismissed without prejudice rather than with prejudice, asserting that this was a clear invitation for the City to refile its complaint at a later date. She suggests that the court was biased in favor of the City. Taxpayer also argues that the dismissal order is unfair because she needs to know the "true price" to redeem her property.

Under our rules, the court may grant a plaintiff's motion to dismiss "upon such terms and conditions as the court deems proper." V.R.C.P. 41(a)(2). The rule also provides that "[u]nless otherwise specified in the order," such dismissal "is without prejudice." Id.; see also Reporter's Notes, V.R.C.P. 41 ("Where dismissal is by order of court under Rule 41(a)(2), the question of res judicata is in the court's discretion."). A party who seeks to amend his pleading after an answer has been filed may do so "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." V.R.C.P. 15(a). The trial court had discretion in ruling on both requests, and it did not abuse its discretion here.

As reflected above, the City sought to collect unpaid taxes from taxpayer in this case through an action at law. It subsequently pursued a different method of collecting the unpaid taxes. See Town of Highgate v. Missisquoi Lime Works, Inc., 104 Vt. 526, 528 (1932) (recognizing that there are various methods of collecting unpaid property taxes and that "[t]he choice of one remedy does not bar the right to proceed by any other statutory method"). In its motion to dismiss, the City explained that it had conducted a tax sale of the property on November 13, 2013 and collected the entire sum of delinquent taxes—including penalties and interest—and associated fees and costs. Having collected the money that was owed through the tax sale, we agree with the trial court that the action at law was moot. See Doria v. University of Vermont, 156 Vt. 114, 117 (1991) ("In general, a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." (quotation omitted)). Given that the action is now moot, it is of no moment whether the complaint was dismissed with or without prejudice.

Taxpayer had not filed a counterclaim at the time that the motion to dismiss was filed. Cf. V.R.C.P. 41(a)(2) (providing that "[i]f a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court"). As the City was not trying to collect any funds through an action at law, it was reasonable for the court to conclude that, for clarity and efficiency purposes, taxpayer should pursue any challenges to the distribution of the proceeds of the tax sale through a new action. The fact that Vermont has a liberal amendment rule does not undermine this conclusion as the court provided reasonable grounds for its decision. See Perkins v. Windsor Hosp. Corp., 142 Vt. 305, 313 (1982) (recognizing that while "lower courts must be mindful of the historical Vermont tradition of liberality in the allowance of amendments to the

pleadings," this Court nonetheless "will reverse a trial court's ruling on a motion for leave to amend only if the ruling is an abuse of discretion" (quotation omitted)). More than two years had elapsed before taxpayer sought to amend her pleadings, and the underlying complaint had become moot. Notwithstanding the denial of her motion to amend, taxpayer retains the ability to pursue her claim concerning the tax sale proceeds through a new action with the only difference being an increased filing fee. Finally, taxpayer's argument that the trial court was biased in favor of the City finds no support in the record. See, e.g., Ball v. Melsur Corp., 161 Vt. 35, 45 (1993) ("[C]ontrary rulings alone . . . do not suffice to show prejudice or bias.").

Affirmed.


BY THE COURT:


_____
Paul L. Reiber, Chief Justice


_____
John A. Dooley, Associate Justice


_____
Harold E. Eaton, Jr., Associate Justice