# STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
                                                  Docket No. 24-2-19 Vtec

| Charron 13-Lot PUD Preliminary Plat |
|---|

## ENTRY REGARDING MOTION

Count 1, Municipal DRB Planned Unit Development (24-2-19 Vtec)

Title:          Motion to Dismiss (Motion 1)

Filer:          Town of Jericho

Attorney:       Christian S. Chorba

Filed Date:     March 19, 2019

Response in Opposition filed on 03/22/2019 by Attorney Adam L. Powers for Appellants Charles and Brenda Charron

**The motion is GRANTED.**

Charles and Brenda Charron applied with the Town of Jericho Development Review Board ("DRB") for a permit to construct a thirteen-lot planned unit development ("PUD") on their property located at 316 Vermont Route 15 in Jericho, Vermont. In the first stage of the DRB's multi-stage review process, called "Preliminary Review," it approved the Charrons' preliminary plat application. The DRB's January 23, 2019 decision included findings of fact and conditions. The Charrons appealed that decision to this Court, asserting concerns with some of those factual findings and conditions. Before the Court is the Town of Jericho's ("Town") motion to dismiss the present appeal for a lack of subject matter jurisdiction. The Town asserts that the DRB's decision is not appealable because it did not resolve any issues with finality.[1]

---

[1] Also before the Court is the Charrons' motion to supplement their Statement of Questions with a single question—whether the DRB's factual findings and conditions are final and binding decisions. This issue does not need to be preserved in their Statement of Questions because it is concerned with the threshold matter of this Court's jurisdiction. Because this Court has "an independent obligation to determine whether subject-matter jurisdiction exists" and must consider the issue on our own, the omission or addition of a jurisdictional question from the Statement of Questions does not affect our review. In re Verizon Wireless Barton Permit, No. 133-6-08 Vtec, slip op. at 8 (Vt. Envtl. Ct. May 20, 2009) (Durkin, J.) (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006)); see also V.R.C.P. 12(h)(3) (requiring this Court to dismiss an action sua sponte "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter . . . ."). Therefore, we conclude that the Charrons' motion to supplement is **MOOT**.

When evaluating a motion to dismiss for lack of subject matter jurisdiction, this Court assumes that all of the nonmoving party's factual allegations are true and accepts all reasonable inferences that may be drawn from those facts. Murray v. City of Burlington, 2012 VT 11, ¶ 2, 191 Vt. 597; V.R.C.P. 12(b)(1).

This Court only has jurisdiction over municipal appeals that are authorized by statute. See In re Mahar Conditional Use Permit, 2018 VT 20, ¶ 12; In re Verizon Wireless Barton Permit, 2010 VT 62, ¶ 7, 188 Vt. 262. Pursuant to 24 V.S.A. § 4471(a), parties with standing can appeal a "decision" of a municipal body, like the DRB here, to this Court. See also 10 V.S.A. § 8504(b). While the term "decision" is not statutorily defined, this Court's precedent makes clear that not every municipal action qualifies. See, e.g., In re Saxon Partners LLC BJ's Warehouse Sketch Plan, No. 5-1-16 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. July 15, 2016) (Walsh, J.). Appealable decisions are defined by finality; they dispose of all matters before the municipal body that should or could be settled. Id.; Jordan v. State Agency of Transp., 166 Vt. 509, 513 (1997). Mere commentary or guidance from the municipal body does not constitute a decision susceptible to appeal. Saxon Partners, No. 5-1-16 Vtec at 2 (July 15, 2016); see also In re Scott Farm Act 250, No. 48-4-17 Vtec, slip op. at 1-2 (Vt. Super. Ct. Envtl. Div. Aug. 22, 2017) (Walsh, J.) (citation omitted).

This Court has also considered the characteristics of municipal actions that can be appealed in the specific context of preliminary review orders issued as part of a multi-stage application process. See, e.g., In re Pintair Discretionary Permit, No. 54-5-15 Vtec, slip op. at 11 (Vt. Super. Ct. Envtl. Div. May 27, 2016) (Walsh, J.); In re Blackrock Constr. LLC Subdivision, No. 31-4-15 Vtec, slip op. at 3 (Vt. Super. Ct. Envtl. Div. Apr. 21, 2016) (Walsh, J.). To determine whether a municipal body's preliminary order on an issue is final and appealable, we have primarily looked to whether the municipality's regulations authorize or require the municipal body to make a decision on the issue at the preliminary stage of review. See In re Perras & Sons, Inc. Preliminary Plat, No. 29-2-06 Vtec, slip op. at 6-9 (Vt. Envtl. Ct. Oct. 18, 2006) (Durkin, J.); In re DeVita Subdivision Amendment, No. 164-12-17 Vtec, slip op. at 6-10 (Vt. Super. Ct. Envtl. Div. Oct. 1, 2018) (Walsh, J.); Saxon Partners, No. 5-1-16 Vtec at 2 n.3 (July 15, 2016).

The Town argues that this Court lacks subject matter jurisdiction over the Charrons' appeal because they are not appealing a final decision of the DRB. Instead, the Town asserts, the DRB's decision in the Preliminary Review stage was preliminary, non-binding, and, hence, not appealable. The Charrons assert that language in the decision itself obligated them to appeal or be bound by the conditions it sets out.

To determine whether the DRB issued a final and appealable decision, we first consider the Town of Jericho Land Use and Development Regulations ("Regulations"). When interpreting a town's regulations, we abide by the same rules of construction that control our interpretation of a statute. In re Appeal of Trahan, 2008 VT 90, ¶ 19, 184 Vt. 262. We construe words according to their plain, ordinary meaning and endeavor to give effect to the ordinance as a whole. In re Stowe Club Highlands, 164 Vt. 272, 279 (1995).

According to the relevant regulatory provisions, the purpose of Preliminary Review in Jericho is "to provide the applicant with guidance to address identified issues and concerns prior to preparing final engineering plans for the subdivision and related site improvements."

Regulations § 10.12.8.1.  The Regulations also provide that "[a]pproval of the preliminary plan shall not constitute approval of the final subdivision plan and associated plat."  Regulations § 10.12.8.4.

Based on this plain language, which classifies the results of Preliminary Review as "guidance" designed to help applicants prepare for the final stage of review, we conclude that the relevant findings of fact and conditions in the DRB's decision were not final determinations amenable to appeal.  See DeVita Subdivision Amendment, No. 164-12-17 Vtec at 5-10 (Oct. 1, 2018) (interpreting similar preliminary review regulations and holding that the municipal body did not reach final, binding decisions on the substantive issues the appellants sought to raise before the Court).

This is not to say that the DRB's decision does not contain any final, appealable determinations.  As noted above, a town's regulations may empower the municipal panel to make certain dispositive decisions in its preliminary review.  For instance, most municipalities authorize their appropriate municipal panels to determine whether the application involves a "major" or "minor" subdivision in the preliminary stage of review.  See, e.g., Saxon Partners, No. 5-1-16 Vtec at 2 n.3 (July 15, 2016); cf. Blackrock Constr., No. 31-4-15 Vtec at 3 (Apr. 21, 2016) (recognizing that the Town of Hinesburg's regulations require more substantive decisions in the preliminary phase of review).

A DRB decision on discrete issues the Regulations authorize or require the DRB to reach at the preliminary stage may be appropriately appealed.  However, there is no indication that the issues the Charrons seek to appeal, specifically the findings of fact and conditions imposed, fall within this category.  Without any such authority, the DRB provided commentary or guidance on these issues, but did not resolve them with the finality necessary for an appeal under 24 V.S.A. § 4471(a).

This interpretation comports with this Court's prior decisions related to the finality of preliminary zoning determinations, as discussed above.  See, e.g., DeVita Subdivision Amendment, No. 164-12-17 Vtec at 5-10 (Oct. 1, 2018); Perras & Sons, No. 29-2-06 Vtec at 6-9 (Oct. 18, 2006); Pintair Discretionary Permit, No. 54-5-15 Vtec at 11 (May 27, 2016).

Further, the Charrons do not offer any provisions in the Regulations that direct or authorize the DRB to reach a final conclusion on the issues they raise before this Court.  Instead, the Charrons direct our attention to Condition 16 in the DRB's decision, the final condition, which states: "By acceptance of these conditions without appeal, the applicants confirm and agree for themselves and all successors in interest that the conditions of this decision shall run with the land and shall be binding and enforceable."  The Charrons assert that this language obligated them to either appeal or give up their right to contest the conditions.

In this Court's reading, the plain, ordinary meaning of Condition 16 does just that—imposes final and binding conditions on the Charrons' proposal in Preliminary Review.  Agency of Nat. Res. v. Weston, 2003 VT 58, ¶ 16, 175 Vt. 573 (construing a permit condition according to the traditional rules of statutory construction, starting with the plain language).  However, there is no indication that the Regulations enable the DRB to render binding findings of fact or conditions in its Preliminary Review with respect to issues not specifically delegated to

Preliminary Review. Thus, we conclude that the DRB exceeded its authority and Condition 16 is invalid.[2]

The Town does not address Condition 16 or argue otherwise on appeal. In fact, its arguments for dismissal, premised on the lack of a binding decision below, provide a strong indication that the Town does not stand by Condition 16 and agrees that the relevant statements of the DRB are not binding determinations.

Therefore, read without the invalidated Condition 16, the DRB's decision merely provides commentary and guidance on the substantive issues the Charrons attempt to raise in this appeal. The DRB's decision is not final with respect to these issues; they cannot be appealed under 24 V.S.A. § 4471(a). The Charrons will have the opportunity to express their concerns before the DRB in the next stage of review or before this Court after the DRB renders a final, appealable decision on their application. For these reasons, the Court **GRANTS** the Town's motion to dismiss.[3]

This concludes the matter presently before the Court. A Judgment Order issues alongside this Entry Order.

**So Ordered.**

Electronically signed on June 07, 2019 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____

Thomas S. Durkin, Superior Judge
Environmental Division

---

[2] The posture of this case has unusual implications for our de novo review that require further explanation. In de novo review, this Court evaluates zoning applications anew as if there were no prior proceedings. 10 V.S.A. § 8504(h); V.R.E.C.P. 5(g); In re Cote NOV, No. 273-11-06 Vtec, slip op. at 3 (Vt. Envtl. Ct. Aug. 22, 2007) (Durkin, J.). This wipes the slate clean of conditions imposed by the municipal panel below when the conditions are appealed. Thus, a party who wants to preserve any conditions imposed by the municipal panel must resubmit them for consideration by this Court. We can impose the same conditions, modify them, or decline to condition the application at all. See In re Lathrop Ltd. P'Ship I, et al., Nos. 122-7-04 Vtec, 201-9-08 Vtec, 136-8-10 Vtec, slip op. at 15-16 (Vt. Super. Ct. Envtl. Div. Oct. 18, 2013) (Durkin, J.); see also In re Torres, 154 Vt. 233, 236 (1990) ("[W]hatever the [relevant municipal panel] might have done with an application properly before it, the superior court may also do if an appeal is duly perfected.").

Implicit in the Charrons' arguments is the assertion that Condition 16 should be reinstituted by this Court on appeal—or that this Court is somehow bound by the language of Condition 16. For this reason, we evaluate Condition 16 as if the Charrons presented it to us for reconsideration in our de novo review. Because the Court has the same authority to act as the municipal panel below, and we conclude that Preliminary Review does not empower the DRB to make binding determinations on the relevant issues at this stage, neither can this Court.

[3] The Town also moved, in the alternative, for clarification of the Charrons' Statement of Questions. Given our decision here, the Town's motion asking for clarification of the Statement of Questions is denied as **MOOT**.

Notifications:

Adam L. Powers (ERN 5578), Attorney for Appellant Charles L. Charron

Adam L. Powers (ERN 5578), Attorney for Appellant Brenda L. Charron

Claudine C. Safar (ERN 3985) and Christian S. Chorba (ERN 9179), Attorneys for Interested Person the Town of Jericho

Interested Person David L. Villeneuve

Anna Vaserstein (ERN 5792), Attorney for Interested Person the Jericho Underhill Park District

Christian S. Chorba (ERN 9179), Attorney for party 4 Co-counsel