## In re Petition of TOWN OF BEN- NINGTON for Access on Route 7 to a Limited Access Facility

[641 A.2d 1331]

No. 92-544

November 9, 1993. Petitioner Louis Haddad, supported by the Town of Bennington, petitioned the Vermont Transportation Board to grant a curb-cut access to Route 7A in order for the Town to establish a town highway to his proposed motel and restaurant. Route 7A is a limited access facility so that such an interconnection required "written consent and approval of the board" based on the Board's conclusion that "the public interest will be served." 19 V.S.A. § 1708(b) (1987).* The Board held a

---

* Section 1708(b) was amended, af-

hearing and issued findings and conclusions denying the petition, a decision that was affirmed by the superior court. Petitioner argues here that the Board's findings are inadequate, it failed to follow the Administrative Procedure Act, and its conclusions are not supported by the evidence.

This is not a contested case, governed by the Administrative Procedure Act, because there is no right to a hearing before the Board. See *Conservation Law Foundation v. Burke*, 162 Vt. —, —, 645 A.2d 495, 501 (1993). A matter also does not become a contested case by virtue of the fact that the Board chooses to hold hearings. See *id.* at —, 645 A.2d at 501. Moreover, the Board's decision on whether to allow a curb cut is not a quasi-judicial act.

At the time of the petition in this case, all aspects of the design and operation of limited access facilities were controlled by the Board. In 1990, the Legislature eliminated the policy-making function of the Board. See 1989, No. 246 (Adj. Sess.), § 4 (amending 19 V.S.A. § 5(a)). In the same act, the Legislature transferred the power over limited access facilities, including the power to authorize curb cuts, to the Agency. See *id.* §§ 16–19 (amending 19 V.S.A. §§ 1703–1706, 1708–1709, 1713, 1715). Thus, the provisions of the Administrative Procedure Act, which petitioner alleges were violated, do not apply. See 3 V.S.A. §§ 809, 810–811 (requirements applicable only in contested cases).

Because there is no statutory right to appeal, review of the Board's action, if available at all, must proceed

---

ter the petition in issue here, to vest the decision on curb cuts in the Vermont Transportation Agency. See 1989, No. 246 (Adj. Sess.), § 17.

under V.R.C.P. 75, the modern equivalent of extraordinary relief by mandamus or certiorari. See *Hunt v. Village of Bristol*, 159 Vt. 439, 440–41, 620 A.2d 1266, 1267 (1992). The standard of review is necessarily narrow. See *State v. Forte*, 159 Vt. 550, 554–55, 624 A.2d 352, 355–56 (1993).

Here petitioner's complaint is that the Board's findings on traffic safety are inadequate and its conclusions on safety are not supported by the evidence. The point of a limited access highway is to give priority to the uninterrupted movement of through traffic without the potential of conflicting traffic movements. In this case, another road, Benmont Avenue, intersected Route 7A from the opposite direction of the road petitioner proposed, and petitioner argued that a proper traffic signal, combined with his new access road, would actually improve traffic safety on Route 7A. The Board was required to weigh the traffic safety factors against the interruption of traffic flow that would result from the signal and the new access road. Its extensive discussion showed that it considered the relevant traffic safety factors as well as other public interest factors, such as the proposed development's impact on the local economy, including possible employment opportunities. It had wide discretion in determining the public interest, and we find no abuse of that discretion.

*Affirmed.*

