2012 VT 11

**Margaret MURRAY v. CITY OF BURLINGTON**

[44 A.3d 162]

No. 11-111

¶ 1. February 7, 2012. Taxpayer appeals an order from the civil division of the superior court dismissing her tax abatement appeal. On appeal to this Court, taxpayer argues that the superior court erroneously concluded that she could not appeal the abatement decision because she failed to challenge the valuation of the property in the appraisal process. We conclude that taxpayer's abatement appeal to the superior court is not foreclosed by her failure to appeal the valuation of her property, and reverse and remand.

¶ 2. A motion to dismiss for lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted, V.R.C.P. 12(b), will not be granted "unless 'it appears beyond doubt' that there exist no facts or circumstances that would entitle the plaintiff to relief." *Amiot v. Ames*, 166 Vt. 288, 291, 693 A.2d 675, 677 (1997) (quoting *Levinsky v. Diamond*, 140 Vt. 595, 600-01, 442 A.2d 1277, 1280-81 (1982)); see *Conley v. Crisafulli*, 2010 VT 38, ¶ 3, 188 Vt. 11, 999 A.2d 677 (reciting standard for review of dismissal for lack of subject matter jurisdiction).

On appeal, we assume as true the non-moving party's factual allegations and accept all reasonable inferences that may be drawn from those facts. *Amiot*, 166 Vt. at 291, 693 A.2d at 677.

¶ 3. So viewed, the relevant facts are as follows. Taxpayer owns property on Shelburne Street in the City of Burlington, where a cleaning business has operated in the past. In 1994, the mortgagee of the property conducted tests on the property and apparently discovered petroleum-based contamination. Taxpayer lacked the resources to conduct her own tests and her efforts to appeal the tax valuations in 1995 and 1996 were unsuccessful. In 1995, taxpayer also filed an abatement action. The Board of Abatement reduced the appraisal by $10,000 to $155,300, but declined to find the property worthless.

¶ 4. From 1995 onward, the City continued to assess taxes on the property. Taxpayer did not pay the taxes and a substantial tax lien accrued, but the City did not initiate a tax sale to recover the debt. Taxpayer eventually obtained enough funds to conduct her own site testing and the resulting analysis showed petroleum contamination. In 2010, taxpayer filed a new request with the Board of Abatement. The Board abated the taxes accrued earlier than 1994, but denied the request as to the remaining taxes.

¶ 5. Taxpayer appealed the denial to the civil division pursuant to Vermont Rule of Civil Procedure 75, which provides for review of governmental action when such review is not available under Rule 74 and "is otherwise available by law." V.R.C.P. 75(a). Her complaint alleged, among other things, that the abatement procedure denied her due process of law, that abatement was appropriate because collection of taxes on a worthless property amounted to a violation of equal protection, and that the Board did not act impartially.

¶ 6. The City moved to dismiss taxpayer's appeal in the civil division for lack of subject matter jurisdiction and for failure to state a claim. V.R.C.P. 12(b)(1), (6). As to jurisdiction, the City argued that because taxpayer's arguments wholly rested on her assertion that the property is valueless, her proper remedy was through a tax appeal and Rule 75 could not be used to bypass this direct avenue of relief. In the alternative, the City argued that taxpayer failed to allege any facts that would entitle her to relief under the abatement statute because she did not demonstrate that the taxes were illegal or that the Board had not acted impartially.

¶ 7. The trial court granted the motion to dismiss on jurisdictional grounds, ruling that by choosing not to appeal the valuation of her property through the tax assessment process taxpayer had failed to exhaust her statutory remedies. Thus, the court concluded that she was precluded from seeking relief through Rule 75. Taxpayer appeals.

¶ 8. This jurisdictional question was recently decided by *Garbitelli v. Town of Brookfield*, 2011 VT 122, 191 Vt. 76, 38 A.3d 1133. In *Garbitelli*, we clarified that tax abatement decisions may be appealed to the civil division under Rule 75 because the abatement statute does not designate a specific route of appeal. *Id.* ¶ 5. We further held that such a proceeding is typically confined to an on-the-record review of whether the board abused its discretion in denying abatement. *Id.* ¶¶ 8-9, 14.

¶ 9. This right of appeal is not extinguished because the taxpayer failed to appeal the valuation of the real property at issue through the appraisal process. While the taxpayer in *Garbitelli* had challenged at least one of the relevant tax assessments, this was not essential to the right to seek abatement. *Id.* ¶ 2 (noting that taxpayer appealed 2007 assessment and moved to abate 2007 and 2008 assess-

ments). Tax abatement and tax appraisal are two separate processes with different statutory mandates. The tax appraisal process aims to attach a fair market value to all properties so that each taxpayer pays their fair share of taxes. See *Allen v. Town of W. Windsor*, 2004 VT 51, ¶ 2, 177 Vt. 1, 852 A.2d 627 ("Vermont law requires that property appraisals for tax assessment purposes reflect a property's fair market value."). Within the confines of the tax assessment valuation, there is no authority to abate taxes that are due on property properly appraised at fair market value. See *Town of Barnet v. Cent. Vt. Pub. Serv. Corp.*, 131 Vt. 578, 582, 313 A.2d 392, 394 (1973) (explaining that tax appraisers do not have authority to abate taxes). On the other hand, a request for abatement does not depend on the property's fair market value. The board is authorized to abate taxes, interest, and collection fees for a variety of reasons, including when there was "manifest error or a mistake of the listers." 24 V.S.A. § 1535(a)(4); see 24 V.S.A. App. ch. 3, § 42 (allowing abatement of taxes under Burlington City Charter "whenever the same are illegal or in the judgment of the board cannot be collected or are manifestly unjust").

¶ 10. In this case, taxpayer did not attempt to appeal a tax assessment using Rule 75. Cf. *In re City of Barre*, 134 Vt. 519, 521, 365 A.2d 519, 520-21 (1976) (per curiam) (concluding that statutory appeal process for tax assessment cannot be bypassed by using a horizontal appeal to the superior court). Taxpayer sought to appeal the board's abatement denial and was entitled to Rule 75 review in the civil division.

¶ 11. On appeal, taxpayer argues that under *Chapin Hill Estates, Inc. v. Town of Stowe* she is entitled to present additional evidence in her Rule 75 appeal. 131 Vt. 10, 13, 298 A.2d 815, 817 (1972). As we explained in *Garbitelli*, an abatement appeal to the civil division through Rule 75

is in the nature of certiorari. 2011 VT 122, ¶ 6. It is an on-the-record proceeding, and the necessity of admitting additional evidence is subject to the trial court's discretion depending on the issues raised and the state of the record. *Id.* ¶ 8. Therefore, we make no judgment on this question at this stage and leave it to the trial court to consider in the first instance.

¶ 12. The City argues that, even if review was proper, taxpayer's complaint should be dismissed for failure to state a claim. We address this question because we may affirm the grant of a motion to dismiss "on any appropriate ground." *Bock v. Gold*, 2008 VT 81, ¶ 4, 184 Vt. 575, 959 A.2d 990 (mem.). The City characterizes taxpayer's abatement request as entirely dependent on her claim that her property is valueless and thus insufficient to demonstrate the necessary facts to allow relief under the abatement statute, such as that the taxes are illegal or manifestly unjust. Motions to dismiss for failure to state a claim are "disfavored and should be rarely granted." *Id.* "[T]he threshold a plaintiff must cross in order to meet our notice-pleading standard is exceedingly low." *Id.* (quotation omitted).

¶ 13. Given our liberal pleading requirements, we conclude that taxpayer has made a sufficient showing to survive dismissal. To be sure, taxpayer's abatement complaint quite logically involved the value of her property. When taken as a whole, the allegations involved a request for abatement insofar as she alleged that her taxes were illegally assessed because the City knew that the property was contaminated, but treated it otherwise. Further, she claimed that the taxes were manifestly unjust because the City's abatement process was not impartial and lacked due process. While these allegations are not well fleshed out, "[t]he complaint need not give a specific and detailed statement of the facts constituting the cause of action," *id.* ¶ 8 (quotation omitted), and she was entitled to a superior

court review of whether the Board's denial of relief was an abuse of discretion.

¶ 14. We emphasize that a taxpayer's request for abatement is not a substitute for a property tax appeal. As we stated in *Garbitelli*, "the whole point of tax abatement is to allow the Board to abate taxes for reasons other than that the property was assessed above fair market value." 2011 VT 122, ¶ 17. The Board's decision is "entirely permissive," and abatement is not required even if a taxpayer falls within one of the categories allowing for abatement. *Id.* ¶ 14. The superior court's review of the board's decision is "necessarily narrow." *In re Town of Bennington*, 161 Vt. 573, 574, 641 A.2d 1331, 1332 (1993) (mem.). Thus, taxpayer's Rule 75 appeal of the Board of Abatement's denial of her request for relief is remanded to the trial court for further proceedings. On remand, it is appellant's burden to show that the Board abused its discretion in denying the abatement request.

*Reversed and remanded.*