*Campbell v. Town of Manchester*, No. 20-1-14 Bncv (Wesley, J., July 16, 2014).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

SUPERIOR COURT
Bennington Unit

CIVIL DIVISION
Docket No. 20-1-14 Bncv

---

## Campbell vs. Town of Manchester

---

# ENTRY REGARDING MOTION

Count 1, Declaratory Judgment (20-1-14 Bncv)

Title:       Motion for Summary Judgment (Motion 2)
Filer:       Orland Campbell
Attorney:   Pro Se
Filed Date: June 5, 2014

Response filed on 06/13/2014 by Attorney Robert E. Woolmington for Defendant Town of Manchester

Title:       Motion for Summary Judgment (Motion 3)
Filer:       Town of Manchester
Attorney:   Robert E. Woolmington
Filed Date: June 9, 2014

No response filed
**Plaintiff's motion is DENIED and Defendant's motion is GRANTED.**

### Opinion and Order
### Denying Plaintiff's Motion for Summary Judgment
### and Granting Defendant's Motion for Summary Judgment

Plaintiff is a resident of the Town of Manchester. Plaintiff did not file a timely homestead exemption in 2013, as then required by 32 V.S.A. § 5410 (2013). The Town Manager of Manchester then imposed a penalty on Plaintiff as provided by 32 V.S.A. § 5410(g). Plaintiff sought a waiver of the penalty for all town residents, which Manchester denied. Plaintiff did not appeal Manchester's decision except by filing this case in the Vermont Superior Court.

Plaintiff seeks a declaratory judgment interpreting the statutory scheme, including the answers to four questions set forth in his complaint. In the complaint, Plaintiff did not specifically seek relief in the nature of a refund or extinguishment of the penalty. Plaintiff moved for summary judgment and asks the Court to rule on the same four questions and an additional question. Plaintiff also asks the Court to order Manchester to refund all penalties it collected from residents who failed to file a homestead exemption. Plaintiff omitted any particular claim on his own behalf except as he purported to represent the interests of all

Manchester residents. Defendant filed a cross-motion for summary judgment. Defendant argues the Court lacks jurisdiction to decide this case because Plaintiff did not exhaust his remedies and because there is no controversy for review. Defendant further argues it followed the statutory requirements.

The Court grants summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). The Court makes all reasonable inferences and resolves all doubts in favor of the non-moving party. *Lamay v. State*, 2012 VT 49, ¶ 6, 191 Vt. 635.

The homestead declaration statute provides a path for appeal. *See* 32 V.S.A. § 5410. "A taxpayer may appeal an assessment of any other penalty under this section to the listers within 14 days after the date of mailing of notice of the penalty, and from the listers to the board of civil authority and thereafter to the courts..." *Id.* § 5410(j). Alternatively, the taxpayer could seek abatement with the municipality. *See id*. The taxpayer could appeal an abatement decision to the Superior Court. *See* V.R.C.P. 75; *see also Murray v. Burlington*, 2012 VT 11, ¶¶ 8, 14, 191 Vt. 597 (mem.) (holding a taxpayer may appeal an abatement decision under V.R.C.P. 75).

A plaintiff must exhaust administrative remedies before bringing suit in the Superior Court. "Where a statute creates administrative remedies, 'a party must pursue, or 'exhaust,' all such remedies before turning to the courts for relief.'" *Bridgewater v. Dep't of Taxes*, 173 Vt. 509, 510 (2001) (mem.) (quoting *Rennie v. State*, 171 Vt. 584, 585 (2000)). The Superior Court lacks subject matter jurisdiction where a plaintiff fails to exhaust administrative remedies. *See id.* at 511; s*ee also Williams v. State*, 156 Vt. 42, 58–59 (1990) (holding the Superior Court could not grant declaratory relief where a taxpayer had an avenue for relief in another tribunal).

The Court lacks subject matter jurisdiction to hear Plaintiff's claim. The homestead declaration statute established an avenue for appeal of a penalty first to the listers, then to the board of civil authority, and finally to the courts. 32 V.S.A. § 5410(j). Plaintiff sought a waiver from the Town, but thereafter he did not follow the proper appeals process. Because Plaintiff failed to exhaust his administrative remedies before seeking relief from the courts, the Court lacks subject matter jurisdiction. *See Bridgewater*, 173 Vt. at 510–11.

Plaintiff's failure to exhaust his administrative remedies is sufficient grounds to grant summary judgment to Defendant. Nevertheless, it bears explaining that, on the current state of the pleadings, the Court is without proper authority to grant relief because Plaintiff seeks an advisory opinion. The Superior Court may declare the rights or legal relationship of parties. 12 V.S.A. § 4711. Nevertheless, the declaratory judgment statute is limited by the requirement of a case or controversy. "Turning to the declaratory judgment proceeding itself, the first prerequisite is that there be a real case or controversy. This requirement is jurisdictional." *Cupola Golf Course, Inc. v. Dooley*, 2006 VT 25, ¶ 14, 179 Vt. 427. The Court cannot advise parties about a law, unless the issues are sufficiently concrete to establish an actual controversy the outcome of that requires a declaratory ruling by the Court. *See Dernier v. Mortgage Network, Inc.*, 2013 VT 96, ¶ 38.

Plaintiff asks the Court to interpret 32 V.S.A. § 5410, without having sought any other remedy in his complaint that implicates the existence of an actual controversy. In the complaint, Plaintiff did not request a return of the money he paid as a penalty. Although

Plaintiff sought return of the penalty for all Manchester residents who paid the penalty in his summary judgment pleading, this grandiose claim of relief was not raised by the complaint. Plaintiff cannot seek relief for other Manchester residents without complying with the exacting requirements of V.R.C.P. 23 governing class actions. Plaintiff *could* have plead his individual claim to a refund or extinguishment of the penalty, but he did not. This failure to plead an avenue of relief demonstrating the necessity of a declaratory ruling means Plaintiff's claim cannot survive summary judgment. *See Cupola*, 2006 VT 25, ¶ 14. The Court cannot provide advisory answers to Plaintiff's questions. *See Dernier*, 2013 VT 96, ¶ 38. Although the Court would have granted Plaintiff the opportunity to amend his complaint under V.R.C.P. 15, to attempt to establish an actual case or controversy, amendment is not appropriate here because Defendant is entitled to summary judgment for Plaintiff's failure to exhaust administrative remedies.

The Court must grant summary judgment to the Town of Manchester and deny summary judgment to Plaintiff. The Court lacks subject matter jurisdiction to hear this case. The Court does not reach the merits of Plaintiff's claim.

## Order

The Court **DENIES** Plaintiff's Motion for Summary Judgment. The Court **GRANTS** Defendant's Motion for Summary Judgment.

Electronically signed on July 16, 2014 at 03:12 PM pursuant to V.R.E.F. 7(d).

_____
John P. Wesley
Superior Court Judge

Notifications:
Plaintiff Orland Campbell
Robert E. Woolmington (ERN 3047), Attorney for Defendant Town of Manchester