*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-093

OCTOBER TERM, 2014

| | | |
|---|---|---|
| Howard C. Wilkinson | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Windham Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Westminster Board of Abatement | } | DOCKET NO. 422-9-13 Wmcv |

Trial Judge: John P. Wesley

In the above-entitled cause, the Clerk will enter:

Taxpayer appeals pro se from the trial court's order upholding a decision by the Westminster Board of Abatement. We affirm.

The trial court found as follows. In August 2012, taxpayer purchased real property in Westminster, Vermont. At that time, the property was assessed at $458,000 for tax purposes. Taxpayer requested a tax abatement in December 2012, asserting that he had advertised the property for sale for $299,000 and received no offers. The Board denied his request. Taxpayer appealed the Board's ruling to the superior court, which upheld the Board's decision in September 2013. Taxpayer did not file a timely appeal to this Court from the September order.

Meanwhile, in April 2013, the town listers inspected taxpayer's property and reduced the property's assessed value to $244,600 for the 2013-2014 tax year. In June 2013, taxpayer requested that the Board abate all taxes paid on the property in excess of $244,600, retroactive to the date he purchased the property. The Board considered taxpayer's request at a July 2013 meeting. At that meeting, the chair of the town listers testified that the listers had not been allowed to access taxpayer's property for several years and thus, the property had been assessed based on the best information available. This witness also indicated that taxpayer's predecessor-in-title had never asked for a review of the assessed value of his property or filed a grievance. After deliberating, the Board denied the abatement request. It concluded that "the fact that correlation of new market data result[ed] in a reduction in grand list value does not necessarily mean the listers made a mistake."

In September 2013, taxpayer brought an action under Vermont Rule of Civil Procedure 75 seeking review of the Board's July 2013 decision. Taxpayer argued that the Board acted wrongfully and abused its discretion. The trial court rejected these arguments. It explained that the Board has wide discretion in ruling on abatement requests subject to very limited review by the court. In this case, the court found no evidence of "manifest error" sufficient to support abuse of discretion as a matter of law. It found that taxpayer essentially was seeking through the abatement process a remedy properly confined to property tax appeals. While taxpayer argued that the reduction of the assessed value of his property proved that the earlier valuation was

"manifest error," the Board had concluded otherwise. It provided a sufficient reason for its decision, and it was not bound to expand on its rationale or to retrospectively parse comparative market data. While taxpayer's predecessor-in-interest might have compelled such an analysis through a property-tax appeal, he did not do so. The court also noted that taxpayer purchased the property knowing its assessed value, and it found that he failed to produce compelling evidence that the procedure that generated that assessment was fundamentally flawed. The court thus granted summary judgment to the Board. Taxpayer filed a motion for reconsideration, which the court denied. This appeal followed.

At the outset, we clarify that the only decision on appeal is the superior court's March 6, 2014 decision. Any arguments concerning the superior court's September 17, 2013 order are not before us and we do not address them.

Taxpayer argues that the Board was obligated to grant his request for abatement because he proved his claim for relief. He complains about the absence of formal findings of fact, and he challenges the grounds offered by the Board for its decision. Taxpayer asserts that the court exceeded its jurisdiction by ruling on the issue of "manifest error" even though the Board did not directly address this issue. Additionally, taxpayer asserts that he overcame the presumption of validity that attaches to the listers' valuation. Finally, taxpayer argues that he was denied due process.

We begin by addressing the nature of the abatement process. Pursuant to 24 V.S.A. § 1535(a)(4), an abatement board "may abate in whole or part . . . taxes in which there is manifest error or a mistake of the listers." "The language in the [abatement] statute is entirely permissive," and the Board is not required to grant an abatement request "even if the taxpayer falls within one of the categories allowing for abatement." Garbitelli v. Town of Brookfield, 2011 VT 122, ¶ 14, 191 Vt. 76. We have emphasized that "a taxpayer's request for abatement is not a substitute for a property tax appeal." Murray v. City of Burlington, 2012 VT 11, ¶ 14, 191 Vt. 597 (mem.); see also Garbitelli, 2011 VT 122, ¶ 17 (stating that "the whole point of a tax abatement is to allow the Board to abate taxes for reasons other than that the property was assessed above fair market value").

As the trial court recognized, courts engage in a very limited review of an abatement board's decision. A Rule 75 proceeding such as this one is "the modern equivalent of extraordinary relief, such as certiorari," Garbitelli, 2011 VT 122, ¶ 6 (quotation marks omitted), and the "purpose of certiorari is to review judicial action of inferior courts and tribunals in regard to substantial questions of law affecting the merits of the case." State v. Forte, 159 Vt. 550, 554 (1993) (explaining that "extraordinary relief must be based on usurpation of judicial power, arbitrary abuse of power, or clear abuse of discretion"); see also Royalton Coll., Inc. v. State Bd. of Educ., 127 Vt. 436, 447-48 (1969) (explaining that scope of review under writ of certiorari extends to errors of law affecting merits, which includes evidentiary points only insofar as they may be examined to determine if any competent evidence to justify adjudication, much as in case of motion for directed verdict; judgment not reviewable on merits, and court's correctional power limited to keeping tribunal within limits of its jurisdiction and ensuring jurisdiction exercised with regularity). Thus, a taxpayer bears a heavy burden of showing error. See State v. Forte, 154 Vt. 46, 48 (1990) ("When we speak of 'abuse of discretion,' we are saying the trial court's decision was wrong as a matter of law."); see also Garbitelli, 2011 VT 122, ¶ 14 (Supreme Court applies same standard of review as trial court).

In Garbitelli, we considered an argument similar to that raised here. In that case, a taxpayer refused to allow the listers to inspect his property in 2007 and the property was assessed at $1.6 million. The taxpayer later allowed the listers to enter, which resulted in an assessment of $957,000 in 2009. The taxpayer then asked that his 2007 and 2008 taxes be abated arguing that there had been "a manifest error or a mistake of the listers." The board of abatement denied his request, finding that there had been no mistake attributable to the listers given that they were denied entry and had been forced to use the best information available to them. The board also stated that abatement procedures were not the appropriate vehicle for appealing property valuations. The superior court affirmed this decision, concluding that the taxpayer failed to demonstrate any abuse of discretion.

On appeal, the taxpayer argued that the "extreme disparity" between the $1.6 million and $957,000 assessments was an "obvious mistake" amounting to manifest error. We rejected this argument. Garbitelli, 2011 VT 122, ¶ 13. As indicated above, we emphasized the permissive nature of the abatement statute and we found it well within the board's authority to weigh the taxpayer's bad conduct in reaching its decision. Id. ¶ 14. We thus affirmed the decision below.

With this background in mind, we turn to taxpayer's arguments. First, as set forth above, the Board was not required to grant taxpayer's request even if he fell within one of the categories set forth by statute. Id. Thus, we reject taxpayer's assertion that he was entitled to relief because he "proved his claim."

The Board similarly was not required to make formal findings of fact to support its decision. As support for his position, taxpayer cites Vermont Electric Power Co. v. Town of Vernon, 174 Vt. 471, 472 (2002), a property tax appeal. The property tax appeal statutes are not at issue here. Cf. 32 V.S.A. § 4467 (allowing for appeal from town board of civil authority to either superior court or Director of Property Valuation and Review, and in appeals to director, requiring hearing officer to make "findings"); see also 3 V.S.A. § 812 (in "contested case[s]," which include property-tax appeals to director, final decision must "include findings of fact and conclusions of law, separately stated," and "[f]indings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings"). The abatement statute requires only that the Board "state in detail in writing the reasons for its decision." 24 V.S.A. § 1535(c) (emphasis added); see also Harris v. Town of Waltham, 158 Vt. 477, 481-82 (1992) (recognizing difference between statute requiring "findings" and one requiring layperson board to provide "reasons" for decision, and concluding, with respect to latter, that one-sentence explanation sufficient and board not required to explain precisely how it reached decision). We recently held that this requires the Board to "provide sufficient explanation to indicate to the parties, and to an appellate court, what was decided and upon what considerations." Guntlow v. Bd. of Abatement, 2014 VT 118, ¶ 32, ___ Vt. ___ (quotation omitted). The Board complied with its statutory obligation here. It denied taxpayer's request in writing, concluding that "the fact that a correlation of new market data resulting in a reduction in grand list value does not necessarily mean the listers made a mistake."

The Board identified the reason for its decision. Certainly, it was reasonable for the Board to conclude that a new appraisal for a new tax year necessarily involved the "correlation of new market data," particularly given that the listers had not had access to the property for several years. While taxpayer believes he "proved" his case and demonstrated that the listers made a mistake, the Board concluded otherwise and it did not err as a matter of law in reaching this conclusion. Having found no mistake in the assessment, the Board necessarily rejected

3

taxpayer's "manifest error" argument as well. The Board sufficiently addressed the arguments raised by taxpayer. See id. (stating that Board must address arguments raised by taxpayer). The superior court did not err or exceed its jurisdiction in upholding the Board's denial of taxpayer's request under either ground specified in 24 V.S.A. § 1535(a)(4). As discussed in Garbitelli, 2011 VT 122, ¶¶ 13, 14, the fact that a later appraisal differs from an earlier one does not necessarily show either a mistake of the listers or "manifest error." Essentially, as the trial court found, taxpayer was using the abatement process to pursue a belated property-tax appeal.

Finally, we reject taxpayer's claims that he was denied due process, including his assertion that the Board "predetermined" his case. The Board's use of language similar to that advanced by the Board's attorney in a different case does not show bias or demonstrate that the Board "predetermined" his case. Taxpayer was given the opportunity to make his case for abatement to the Board. He fails to show he was denied the opportunity to ask questions of the town listers or any other witness. The Board deliberated before reaching its decision, and the fact that the deliberations were short does not show that taxpayer was denied due process. As he did below, taxpayer cites to a statement made to him by one of the listers that tax abatements "are done primarily for loss of property or buildings due to unforeseen disasters," rather than for assessments that are too high. We agree with the trial court that a statement by one lister does not demonstrate either a fixed policy, or that the Board as a whole improperly exercised its discretion in ruling on his abatement request. The statement does not show that the Board was biased against taxpayer.

Taxpayer further complains that the listers "illegally" served as members of the abatement board. He cites a statutory provision that concerns the role of the listers in property-tax appeals before the board of civil authority. See 32 V.S.A. § 4404(d). Under 24 V.S.A. § 1533, "[t]he board of civil authority, with the listers and the town treasurer, shall constitute a board for the abatement of town . . . taxes." In any event, the listers here did not go into a deliberative session and they did not vote. We find no violation of taxpayer's due process rights. We have considered all of taxpayer's arguments relevant to the decision on appeal, and find them all without merit.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
John A. Dooley, Associate Justice


_____
Harold E. Eaton, Jr., Associate Justice

4