NOTICE:  This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports.  Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2024 VT 7

No. 23-AP-251

| | |
|---|---|
| H. Brooke Paige | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Washington Unit, |
| | Civil Division |
| | |
| State of Vermont et al. | January Term, 2024 |

Timothy B. Tomasi, J.

H. Brooke Paige, Pro Se, Washington, Plaintiff-Appellant.

Charity R. Clark, Attorney General, and Sarah L. J. Aceves, Assistant Attorney General, Montpelier, for Defendants-Appellees.

PRESENT:  Reiber, C.J., Carroll, Cohen and Waples, JJ., and Valente, Supr. J., Specially Assigned

¶ 1.  **CARROLL, J.**  In this election contest, plaintiff H. Brooke Paige appeals pro se from an order issued by the Washington Superior Court, Civil Division dismissing his complaint for lack of standing.  We hold that plaintiff failed to state a claim upon which relief can be granted.  We therefore affirm the trial court's order on an alternative basis.

¶ 2.  Partly in response to the Covid-19 pandemic, Act 60 was enacted in June 2021.  Among other provisions, Act 60 added a new section to Title 17, now codified at 17 V.S.A. § 2537a, that requires the Secretary of State to mail ballots along with a postage-paid return envelope to all active voters not later than October 1 preceding the general election.  2021, No. 60, § 7; 17 V.S.A. § 2537a(a)(1)-(4).  Pursuant to this directive, the Secretary of State mailed ballots

to all active voters on the statewide voter checklist before the 2022 general election and conducted the election on November 8, 2022. In addition to elections for two federal offices, the ballot included elections for several statewide offices, including governor, and two public constitutional questions. Proposal 2 asked voters whether to eliminate the exception clause for slavery in the Vermont Constitution, and Proposal 5 asked voters whether to incorporate reproductive health rights into the Vermont Constitution.

¶ 3. Plaintiff, a legal voter, timely filed a complaint purporting to plead a cause of action contesting the general election under 17 V.S.A. § 2603. He alleged that Act 60 had rendered each election and public question on the 2022 ballot invalid. Plaintiff asserted that Act 60 violated the Vermont Constitution's requirement that voters cast ballots in person on election day. Mail-in ballots, he alleged, had been subject to fraudulent conduct in the run up to November 8, including "vote harvesting," while ballots cast in-person were subject to strict regulations. In the alternative, he contended that procedural deficiencies made the two public questions invalid because the house and senate had not agreed on the precise language in Proposals 2 and 5, and the two questions appeared on the ballot with different language than either chamber had approved. The State moved to dismiss the complaint for lack of standing and for failure to state a claim. The trial court granted the motion on the ground that plaintiff did not have standing under § 2603 because he could not— and did not attempt to—demonstrate that he had been injured in fact. The court concluded that it did not have subject-matter jurisdiction over the case and dismissed the complaint. This appeal followed.

¶ 4. Plaintiff first asserts that he does have standing under § 2603 because its plain language does not require him to demonstrate that he has suffered an injury in fact. He then makes what amounts to a facial attack on the constitutionality of Act 60, arguing that mail-in ballots violate the Vermont Constitution's requirement for voters to "bring in their votes" "on the day of election." Vt. Const. ch. II, §§ 47, 48. Plaintiff renews his allegations that attempts were made to

2

subvert the general election by fraudulently influencing voters who cast mail-in ballots. He separately contests the two public questions on procedural grounds, suggesting that the questions were improperly put on the 2022 general-election ballot in the first instance. Plaintiff asks the Court to hold that the provisions governing mail-in ballots in Act 60 are unconstitutional or, in lieu, that the public questions are invalid due to procedural inadequacies, and to reverse the dismissal order and remand for further proceedings.

¶ 5.     We hold that plaintiff has failed to state a claim upon which relief may be granted, and therefore affirm the trial court on alternative grounds. See State v. VanBuren, 2018 VT 95, ¶ 70, 210 Vt. 293, 214 A.3d 791 (stating Court may affirm order below on any ground). We conclude that § 2603 does not permit plaintiff to make constitutional attacks on Act 60 or contest legislative procedural issues without at least some allegation of a materially abnormal result in a particular election or question related to the challenged issue. We take no position on plaintiff's arguments concerning language in the Vermont Constitution.

¶ 6.     Our review of dismissals for failure to state a claim "is plenary and nondeferential." Wool v. Off. of Pro. Regul., 2020 VT 44, ¶ 8, 212 Vt. 305, 236 A.3d 1250. We affirm a dismissal order on this basis if "it appears beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." Id. (quotation omitted). To this end, we take the factual allegations in the complaint as true and accept reasonable inferences drawn from them in favor of the nonmoving party. Murray v. City of Burlington, 2012 VT 11, ¶ 2, 191 Vt. 597, 44 A.3d 162 (mem.).

¶ 7.     As noted above, the trial court concluded that plaintiff did not have standing to maintain his suit under § 2603. In its order, the court also found that plaintiff's "broad challenge against" Act 60 was not an " 'election contest' within the contemplation of § 2603." We begin our review of the dismissal order here. To answer the question of whether plaintiff has stated a viable claim under § 2603, we examine the plain language of the statute to derive the Legislature's

3

intent, the implementation of which is our overriding objective. See Northfield Sch. Bd. v. Washington S. Educ. Ass'n, 2019 VT 26, ¶ 13, 210 Vt. 15, 210 A.3d 460. If the language in § 2603 is clear, we enforce the statute according to its terms. See Athens Sch. Dist. v. Vt. Sate Bd. of Educ., 2020 VT 52, ¶ 19, 212 Vt. 455, 237 A.3d 671. We also bear in mind that "[t]he setting aside of an election is an extraordinary remedy . . . which the Court should grant only under the most extraordinary of circumstances." Putter v. Montpelier Pub. Sch. Sys., 166 Vt. 463, 468, 697 A.2d 354, 357 (1997) (quotation omitted); id. at 467, 697 A.2d at 357 ("Voiding an election and ordering a new one represents one of the more extreme remedial measures available to a court. . . . Nothing is so profoundly destabilizing to the local political process . . . .").

¶ 8. Section 2603, titled "[c]ontest of elections," provides that "any legal voter entitled to vote" may contest "[t]he result of an election for any office" "or public question." 17 V.S.A. § 2603(a). The statute sets forth several bases for an election contest, which can include allegations of errors in the conduct of the election or the counting of votes sufficient to change the result of an election, fraud sufficient to change the result of an election, or "for any other reason, the result of the election is not valid." Id. § 2603(b)(1)-(3). Plaintiff contends that his constitutional attack on Act 60 and contest of the procedures behind the public questions is contemplated by the "for any other reason" basis in § 2603(b)(3). We are not persuaded.

¶ 9. At least two things are clear in the plain language of § 2603. First, the statute provides a right of action for voters to contest a particular election or public question; it does not provide a means to challenge every election and question on a single ballot without providing any means of distinguishing among them. Id. § 2603(a) (providing right to challenge "result of an election" (emphasis added)). Second, and relatedly, the statute provides relief with respect to the result of a particular election or question, and results are expressed in terms of votes cast, collected, and tallied. See, e.g., id. § 2603(c) (providing that, in the event of recount, complaint contesting election for federal office or statewide office and public question shall be filed within ten days

4

after court issues judgment on recount, and for other offices or questions, complaint shall be filed in county "in which votes were cast for the office or question being challenged").

¶ 10. Plaintiff does not contest the result of a particular election or question. He attacks the entire 2022 general-election ballot as unconstitutionally conducted before a single vote was cast, collected, or tallied. Plaintiff argues in effect that when the Secretary of State mailed out ballots to every registered voter pursuant to Act 60, that process, in itself, was unconstitutional because the directive in Act 60 violates the Vermont Constitution. His assertions about parliamentary procedures behind the placement of the two public questions on the ballot run into the same problem: he does not allege that the result of any particular election is invalid due to material vote irregularities.

¶ 11. Plaintiff's claim that in-person voters were subject to disparate treatment relative to voters who mailed in their ballots does not change our conclusion. Setting aside the observation that each person who voted in person made the choice not to use the mail-in ballot, plaintiff makes no allegation that the result of a particular election or question was invalid because mailed-in ballots materially impacted vote tallies. Plaintiff's complaint does not express or imply that the challenged provisions in Act 60, the unsubstantiated claims of voter fraud, or the allegedly improper procedural issues he identifies "actually affected the election result." Putter, 166 Vt. at 468-69, 697 A.2d at 357-58 (discussing as fatal flaw plaintiff's failure to allege that voters changed their vote due to reading school board newsletter that took positions on upcoming election). Generalized allegations of voter fraud and "vote harvesting" applicable to the entire ballot do not satisfy even the extremely low bar to survive dismissal at the pleadings stage. See id. at 467, 469, 697 A.2d at 357, 358 (stating that "[i]nvalidation of an election requires more than merely a claim of election irregularity, even one of constitutional dimensions" and "plaintiffs [must] demonstrate that the unconstitutional practice had a significant impact on the particular election they seek to have declared invalid." (quotation omitted)). We have been clear that allegations sufficient to

5

survive dismissal in this context must at least "approach the level of extremity, culpability or undue influence on the electoral process necessary to warrant the extraordinary remedy of election invalidation." Id. at 467-69, 470, 697 A.2d at 357-59 (citing cases involving vote dilution, "gross, spectacular, completely indefensible" discrimination, "pervasive election fraud," and "other wil[l]ful conduct" (quotation omitted)).

¶ 12.    Without allegations pertaining to the result of a particular election, plaintiff fails to state a claim under § 2603 because, as pleaded, his complaint does not come close to approaching the kind of extreme situation we have identified as providing a potential basis to overturn an election result.   While some of plaintiff's contentions may, when considered in light of the requirement to resolve all reasonable inferences in his favor, relate to potential "harm to the organic processes of the election," id. at 468, 697 A.2d at 357, to prevail he must nevertheless have some specific basis in hand for why a particular election result should be set aside.   And that basis must be, at a minimum, expressible in concrete terms of votes cast, collected, and/or tallied if the claim is brought under § 2603.   Plaintiff has not pleaded these allegations and therefore his complaint cannot survive dismissal under Vermont Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

¶ 13.    Because we affirm on this basis, we do not reach plaintiff's remaining arguments. Affirmed.

FOR THE COURT:

_____
Associate Justice

6