Filed 12/19/24

VERMONT SUPERIOR COURT

Rutland Unit
83 Center St
Rutland VT 05701
802-775-4394
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-01087

Stephen Martin v. Nicholas Deml, Commissioner

# DECISION ON MOTION

This is a V.R.C.P. 74 appeal where the appellant, Stephen Martin, seeks review of the Department of Corrections ("DOC") case staffing decision to impose a two-year furlough interrupt. This decision resulted from DOC's determination that he committed multiple significant violations of his furlough conditions within the past year and was assessed to have a high risk of reoffending. Agency Record, p. 2. DOC moved to dismiss Mr. Martin's appeal. For the reasons stated below, the court grants DOC's motion to dismiss.

Factual Background

The administrative record in this case establishes Mr. Martin has been on Community Supervision Furlough since July 2021. *Id*. at 1. As part of his "Conditions of Supervision," Mr. Martin agreed that he would not "be cited or charged . . . [or] commit any act punishable by law," would report any contact with law enforcement within 24 hours, and would not leave the state of Vermont without permission from his supervising furlough officer. *Id*. at 6. In December 2023, Mr. Martin left the state and was involved in a car accident in Tennessee. Following the accident, he fled from law enforcement officers. *Id*. at 2. He then returned to Vermont and sought medical treatment for his injuries. *Id*. DOC determined this incident to be a significant violation of Mr. Martin's furlough conditions. *Id*. On February 3, 2024, Mr. Martin again left the state of Vermont and traveled to Massachusetts. *Id*. While in Massachusetts, he ran a red light and law enforcement attempted to pull him over. *Id*. at 11. In response, he fled from law enforcement officers in his vehicle and then on foot. In an attempt to avoid detection by police, Mr. Martin hid in a nearby recreational vehicle. *Id*. at 2. He was eventually located by police K-9s and spent the weekend in jail, after which he was released. *Id*. at 2, 11. Mr. Martin was ultimately charged with failing to stop for a police officer, negligent operation of a motor vehicle, and unlicensed operation of a motor vehicle. *Id*. at 11.

Mr. Martin's furlough officer first became aware of this incident on February 21, 2024. *Id*. After Mr. Martin failed to respond to her text message that same day, she and another furlough officer went Mr. Martin's listed address in Vermont and found him residing there. *Id*. They brought him into the Bennington Probation and Parole Office, where they asked him about the February 3rd incident. *Id*. According to the administrative record, during this conversation, "Martin stated that he ran a red light and got 'lit up' by police…he took off in his car then…tried hiding from police." *Id*. Following this conversation, DOC provided Mr. Martin with a Notice of Suspension ("NOS") regarding his furlough being revoked, as well as a Notice of Hearing ("NOH") to inform him that he was entitled to a hearing on the revocation decision. *Id*. at 4, 5. The NOS explicitly states the conditions for which an individual has their furlough suspended. In addition to leaving the state without permission and failing to report contact with law enforcement, Mr. Martin is accused of "being charged with a new crime" and "escaping." *Id*. at 4. The accompanying NOH form, dated 2/21/24 and signed by Mr. Martin, lays out the rights available to him at his revocation hearing and lists the conditions for which furlough was originally revoked. Mr. Martin waived his right to a hearing, and in doing so admitted that "a preponderance of the evidence supports [my] being found guilty of alleged violation(s)." *Id*. at 3.

Standard of Review

DOC moved to dismiss this action pursuant to V.R.C.P. 12(b)(1) and 12(b)(6). In determining a 12(b)(1) motion, "all uncontroverted factual allegations of the complaint [are] accepted as true and construed in the light most favorable to the nonmoving party." *Jordan v. State Agency of Transp.*, 166 Vt. 509, 511 (1997). Such motions shall not be granted "unless it appears beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." *Murray* v. *City of Burlington*, 2012 VT 11, ¶ 2, 191 Vt. 597. The same standard applies to motions under V.R.C.P. 12(b)(6). *Id.* In accepting factual allegations as true, courts are "not required to accept as true conclusory allegations or legal conclusions masquerading as factual conclusions." *Colby v. Umbrella, Inc.*, 2008 VT 20, ¶ 10, 184 Vt. 1. This court is also mindful of the Vermont Supreme Court's admonishment that "[m]otions to dismiss for failure to state a claim are disfavored and are rarely granted." *Id.* ¶ 5.

Analysis

An individual is entitled to appeal to this court DOC's decision to revoke or interrupt their furlough if the revocation or interruption is for more than 90 days as a result of a technical violation. 28 V.S.A. §724. "Technical violation" means a violation of conditions of furlough that does not constitute a new crime. 28 V.S.A. §722(4). As noted in Superior Court decisions, "the statute plainly confers jurisdiction to hear appeals only from technical violations . . . the last word on whether a violation is technical or nontechnical goes to the court." Decision on Motion to Dismiss, *Collins v. Deml*, 24-cv-00837, at 2 (Vt. Super. Ct. June 23, 2024) (Hoar, J.) (*Collins I*). The court conducts a "de novo review of the record" to ascertain whether "the Department abused its discretion . . . ." 28 V.S.A. §724(c)(1). Relatedly, it is an abuse of discretion for DOC to interrupt furlough for more than 90 days for a technical violation unless one of three circumstances are met. 28 V.S.A. §724(d). These circumstances are:

> (1) The offender's risk to reoffend can no longer be adequately controlled in the community, and no other method to control noncompliance is suitable.
> (2) The violation or pattern of violations indicate the offender poses a danger to others.
> (3) The offender's violation is absconding from community supervision furlough.

*Id.*

DOC argues that "because Mr. Martin was charged for new crimes in Massachusetts . . . his furlough violation constituted new crimes." Motion at 6. They note that he admitted to violating Condition 1 and Notice 1b of his Conditions of Supervision.[1] Further, they assert that because Mr. Martin absconded from furlough, which is listed among the exceptions to the prohibition on furlough interrupts for technical violations, "the Department's decision to interrupt [Mr. Martin's] furlough status for 90 days or longer *cannot* be considered an abuse of its discretion." *Id.* at 7. DOC cites to the police report from the Rutland, MA police as proof of Mr. Martin's underlying criminal conduct. Reply at 1.

Mr. Martin responds that "not every violation of Condition 1 necessarily involves definite criminal activity . . . ." Opposition at 1. He claims because Condition 1 reads in part "I will not be cited or charged," admitting to violations of this condition does not establish that "[he] committed a new offense, only that he was cited or charged." *Id.* at 2. In Mr. Martin's view, a determination that a violation of furlough conditions is

---

[1] Condition 1 reads: "I will not be cited or charged; I will not commit any act punishable by law, including city and municipal code violations."

Notice 1(b) reads: "While I am on Community Supervision Furlough, I am subject to an arrest warrant pursuant to 28 V.S.A. 808e for absconding supervision issued by the Department of Corrections if I leave the state without permission."

nontechnical requires "a specific finding of criminality by the hearing officer or a specific admission to criminality at the hearing level." *Id*. at 1. Additionally, he alleges that DOC has incorrectly read 28 V.S.A. §724(c)(2) and (d). Mr. Martin asserts a plain reading of the statute indicates offenders may challenge the length of their furlough interrupts and that the exception listed in §724(d) does not make "any interrupt for absconding . . . unreviewable; it just means [he] is not entitled to the presumption that DOC abused its discretion." *Id*. at 5. Further, he argues that DOC improperly relied on evidence not part of the agency record in relying on the police report from the Rutland, MA police. Sur-Reply at 1.

As an initial matter, Mr. Martin correctly reads V.R.C.P. 74 to exclude documents not part of the original agency record. *Davey v. Baker*, 2021 VT 94, ¶15, 216 Vt. 153 ("Appeals on the record are reviewed de novo, though the court may accept additional evidence in its discretion."). DOC filed the police report from the Rutland, MA police department on November 11, 2024, several months after their initial submission of the Agency Record on March 20, 2024. Plaintiff's Exhibit A, filed 11/11/2024. Thus, it is not part of the record in this appeal and the court will not consider it in determining whether Mr. Martin's conduct constituted a technical or nontechnical violation.

The court agrees with Mr. Martin that not every violation of Condition 1 of his Conditions of Supervision necessarily equates to a finding of underlying criminal conduct.[2] That condition reads: "I will not be cited or charged; I will not commit any act punishable by law, including city and municipal code violations." Record p. 6. A citation is not proof of a crime, it "is just an accusation by a police officer." Ruling on the State's Motion to Dismiss, *Davis v. Vt. Dep't of Corr.*, 21-cv-3093 (Vt. Super. Ct. Jan. 28, 2022) (Mello, J.); Decision on Motion to Dismiss, *Hornbeck v. Deml*, 22-cv-01966 (Vt. Super. Ct. Sept. 29, 2022) (Shafritz, J.) ("While [admitting to violating condition 1] is a violation of a conditions of his furlough, it is not proof of a criminal offense."). Nor does Mr. Martin's admission that he violated Condition 1 definitively establish criminal conduct. Condition 1 contains two discrete statements separated by a semi-colon—that the offender would not be cited or charged, and that they would not commit any act punishable by law. Record at 6. Since "the condition is stated effectively in the disjunctive, Appellant's admission does not establish that he engaged in criminal activity." Entry Re: Motion, *Powers v. Vt. Dep't of Corr.*, 22-cv-02228, at 1 (Vt. Super. Ct. Mar. 7, 2023) (Hoar, J.).

Without ruling on the merits of this appeal, the court rejects DOC's assertion that its decision to interrupt Mr. Martin's furlough "cannot" be an abuse of discretion because it involves absconding, one of the exceptions under §724(d). Motion at 7. The court agrees with Mr. Martin, and other decisions of the Superior Court, that a furlough revocation decision based on one of the exceptions under this part simply means that no presumption of abuse of discretion exists for revocation due to a technical violation; it does not automatically place the decisions of the DOC beyond the review of this court. Opposition at 5; Decision on Motion to Dismiss, *Collins v. Deml*, 24-cv-00837, at 2 (*Collins I*) ("That it is a *per se* abuse of discretion to revoke furlough or impose an interrupt of 90 days or longer for a technical violation that <u>does not</u> fall within one of subsection (d)'s enumerated exceptions does not mean it is *per se* <u>not</u> an abuse of discretion to do so for a violation that <u>does</u>.") (emphasis in original).

This appeal is similar to *Mears v. Vermont Department of Corrections*, which also involved a §724 appeal. In that case, the offender's NOS referred to the charges against him, and he similarly waived his right to a hearing while admitting to violations of his furlough conditions. *Mears v. Vt. Dep't of Corr.*, No. 22-CV-04294, 2023 WL 2759752, at *2 (Vt. Super. Ct. Mar. 22, 2023). The NOS also noted that the Addison County Criminal Division had issued an arrest warrant for the offender based on a police affidavit of probable cause. *Id*.

---

[2] The court notes the difference of opinion among Superior Court judges as to whether a charge constitutes proof of underlying criminal conduct sufficient to remove an appeal from the court's jurisdiction. Compare Decision on Motion to Dismiss, *Collins v. Deml*, 24-cv-00837, at 2 (Vt. Super. Ct. Jun. 23, 2024) (*Collins I*) ("A charge, of course, is proof of nothing.") with Entry Re: Motion, *Bouchard v. Deml*, 23-cv-01514, at 2 (Vt. Super. Ct. Jul. 11, 2023) (Toor, J.) ("The point is that the revocation is because he is believed to have engaged in criminal activity. Criminal activity is not a technical violation.") In this court's view, whether a charge implicates underlying criminal conduct often depends on the facts of the specific situation; as such, the court declines to offer a bright-line rule at this time.

The court found that because the hearing waiver he had signed was written in general terms and not limited in any way, it should be read broadly. *Id*. at 3. It asserted that written notice of the alleged violations and evidence against the offender, coupled with an opportunity to be heard and present evidence (which had been waived) satisfied the requirements of due process:

> If Mears wished to challenge the facts underlying the violation for violent and threatening conduct, the time to do so was at the DOC furlough violation hearing. Instead, he admitted to engaging in violent and threatening conduct with knowledge that the accusations were based on the evidence set forth in the affidavit of probable cause filed in support of the criminal charges. Just as DOC did in reaching its revocation decision, the Court may rely on Mears' admission in determining whether the underlying facts of the violation constitute chargeable criminal conduct, making the furlough violation nontechnical under § 724.

*Mears*, 2023 WL 2759752, at *3.

Similarly, this court finds that it does not have jurisdiction to review Mr. Martin's §724 appeal in this case because the totality of the circumstances indicate that he admitted to criminal conduct underlying the violation of his furlough conditions, making his violation nontechnical. 28 V.S.A. §724(c). Here, Mr. Martin received an NOS of his furlough, which notified him that part of the reason for the suspension was that he was being charged with new crimes. Record at 4. The same day, he signed a form waiving his right to a hearing[3] and acknowledging his violations of Conditions 1, 2, and 8, as well as the Notice 1b. *Id*. at 5. Standing alone, neither of these factors rises to the level of an admission of criminality in these circumstances. However, the record before the court shows that Mr. Martin admitted to his furlough officer that he "ran a red light . . . got 'lit up' by police . . . took off in his car . . . and got out and tried hiding from the police." *Id*. at 11. These admissions, coupled with the specific language in the NOS, is sufficient for the court to find that the violation Mr. Martin admitted to in the NOH was for a new crime.

Thus, the court finds Mr. Martin's violation to be nontechnical and court therefore does not have jurisdiction to review this appeal under §724.[4] The motion to dismiss is GRANTED.

Electronically signed on December 18, 2024 pursuant to V.R.E.F. 9(d)

_____
Alexander N. Burke
Superior Court Judge

---

[3] Because Mr. Martin waived his right to a hearing, there could not be a specific finding of criminality by the hearing officer, or an admission of criminality at the hearing level, as Mr. Martin maintains is required to find a violation of Condition 1 to be nontechnical. Opposition at 1.

[4] Although Mr. Martin correctly interprets 28 V.S.A. §742(c)(2) as allowing offenders to challenge the length of their furlough interrupts, it does not apply in this context. The inclusion of this clause under subsection (c), following a qualification that appeals must be confined to interrupts for technical violations in (c)(1), clearly indicates that this limitation also applies to challenges to the length of a furlough interrupt. 28 V.S.A. §724(c)(1)-(2). Because Mr. Martin's violation is nontechnical, the court does not have jurisdiction to review DOC's decision about the length of his interrupt in this instance.