VERMONT SUPERIOR COURT
Grand Isle Unit
PO Box 7
North Hero VT 05474
802-372-8350
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-01480

| James Senesac v. Bryan Muir et al |
| --- |

## ENTRY REGARDING MOTION

Title:       Motion to Dismiss for Lack of Standing (Motion: 2)
Filer:       Liam L. Murphy, Esq.
Filed Date:  May 14, 2025

James Senesac filed a declaratory judgment action against Bryan and Denise Muir to enforce a restrictive covenant limiting their use of an easement to farm purposes only. Mr. Senesac alleges that the Muirs are using the easement to access a residence in violation of the easement's terms. The Muirs move to dismiss the complaint pursuant to V.R.C.P. 12(b)(1), contending that Mr. Senesac lacks standing to pursue his claim.

### Facts Asserted in Complaint

In his complaint, Mr. Senesac asserts that he owns land and a home at 30 Senesac Place in Isle La Motte and that the Muirs own an abutting parcel of land. Complaint ¶¶ 1, 2. The Muirs' property benefits from an easement across Mr. Senesac's property that, by its terms, is restricted to farm purposes only. *Id.* ¶ 3. The Muirs have been using the easement for residential purposes. *Id.* ¶ 4. Mr. Senesac seeks a declaration from the court that the Muirs' easement is limited to farm purposes, that it does not encompass residential purposes, and that the Muirs' current use of the easement is, therefore, unlawful. *Id.* ¶ 5.

### Motion to Dismiss

"Vermont courts have 'subject matter jurisdiction only over actual cases or controversies involving litigants with adverse interests.'" *Bischoff v. Bletz*, 2008 VT 16, ¶ 15, 183 Vt. 235 (quoting *Brod v. Agency of Nat. Res.*, 2007 VT 87, ¶¶ 8, 182 Vt. 234). An element of the case or controversy requirement is that the plaintiff have standing, which means the plaintiff must have suffered a particular injury attributable to the defendant that the court can redress. *Housing Our Seniors in Vt. Inc. v. Agency of Commerce & Cmty. Dev.*, 2024 VT 12, ¶ 13, 219 Vt. 80 (citing *Hinesburg Sand & Gravel Co, v. State*, 166 Vt. 337, 341 (1997)). "Plaintiffs must allege sufficient facts to establish

standing '[o]n the face of the complaint.'" *Id*. (quoting *Town of Cavendish v. Vt. Pub. Power Supply Auth.*, 141 Vt. 144, 147-48 (1982)). If a plaintiff has no standing, "the court has no jurisdiction over a petition for declaratory relief." *Bischoff*, 2008 VT 16, ¶ 15. "'A court may consider evidence outside the pleadings in resolving a motion to dismiss for lack of subject matter jurisdiction.'" *Mullinex v. Menard*, 2020 VT 33, ¶ 8, 212 Vt. 432 (quoting *Conley v. Crisafulli*, 2010 VT 38, ¶ 3, 188 Vt. 11).

The Muirs assert that Mr. Senesac lacks standing to pursue his complaint because he does not have an ownership interest in the property that abuts the easement. Motion at 5. The Muirs submitted two warranty deeds and one quitclaim deed with their motion to provide support for their argument. *See* Exhs. 1–3. According to the Muirs, Mr. Senesac's parents acquired a 100' x 300' parcel of land in 1966 via warranty deed from two couples who all had the surname LaBombard. Motion at 3–4. Exhibit 1 is a warranty deed dated October 21, 1966, from the LaBombards to "James J. Senesac and June Senesac, husband and wife." After describing the property transferred, the deed describes the following two easements:

> Also granted is a 20 foot right of way from the so-called West Shore Road east along the south end of the premises conveyed and premises of Stanley Charles. The Grantors, their, executors, administrators and assigns have the right to the joint use of this right of way for farm purposes only.

> Also conveyed is the westerly extension of said twenty foot right of way on the west side of said West Shore Road to the low water mark of Lake Champlain.

Exh. 1. A second warranty deed from the LaBombard grantors to James and June Senesac dated August 31, 1968, conveyed additional land and clarified the easements described in the 1966 deed:

> The Grantors, in order to remove any doubt as to the title of the Grantees herein, do hereby affirm and declare that the "westerly extension of said twenty foot right of way" described in paragraph #3 of their Warranty Deed to the Grantees herein dated October 21, 1966 and recorded in Book 12, page 80 of the Isle La Motte land records was intended by them to be and was conveyed in fee simple and should not be construed as being a mere right of way described in #2 of the above said Warranty Deed.

> Meaning also to grant a 50 foot easterly extension of the above said right of way under the same terms and conditions described in the Warranty Deed recorded in Book, page 80.

Exh. 2. Exhibit 3 is a quitclaim deed from Roger C. Gaboriault to Angela M. Gaboriault of the following land:

> A parcel of land containing 85 acres, more or less, situated on the easterly side of West Shore Road, and accessed thereto over a strip of land, extending over the easterly side of said highway to the northerly side of said parcel of land; use of which is restricted to farm purposes.

> Said lands and premises are subject to utility right of way and easements of record and may be subject to a fence maintenance agreement as recorded in Volume 12, Pages 80 and 216 of said Land Records.

Exh. 3. The Muirs assert that this quitclaim deed (Exhibit 3) is in their chain of title and that they have legal title to the property subject to the 20-foot right of way. Motion at 5.

The Muirs assert, based on these documents, that Mr. Senesac never had more than an easement over Senesac Place and never possessed the fee title to the 20-foot (or 50-foot) right of way. The Muirs then contend, without citing to any sources, that Mr. Senesac's parents "subdivided and conveyed away the lots which comprised the benefitted 100' x 300' parcel," and that Mr. Senesac "never retained any rights to the 20' right of way or to enforce any limitation on the easement in which they have no legal interest." Motion at 5.

The facts the Muirs assert to support their motion contradict the allegations on the face of Mr. Senesac's complaint and are not supported by the exhibits they submitted. For example, Mr. Senesac asserts in his complaint that he owns the property located at 30 Senesac Place. The Muirs' argument that Mr. Senesac lacks standing is based in part on their contention that Mr. Senesac does not own the property located at 30 Senesac Place:

> While Senesac Place is burdened with the covenant that the "joint use of the right of way [is] for farm purposes only," the benefit of such covenant only benefits the owners of the 100' x 300' parcel to which the original limitation was appurtenant. Not owning any of the benefitted parcel, Plaintiff's parents' estate or Plaintiff have no right to enforce any limitation on the easement, in which they have no legal interest. Without having any legal interest in the 20' right of way now known as "Senesac Place", the Plaintiff has no standing to attempt to enforce or interpret the limitation on the use of the right of way.

Motion at 6. The assertions in this paragraph are not supported by any citations to any deeds or other exhibits.

A motion to dismiss based on a court's lack of subject matter jurisdiction will not be granted unless it appears "beyond doubt" that no facts or circumstances would entitle the plaintiff to relief. *Wool v. Office of Prof'l Regulation*, 2020 VT 44, ¶ 8, 212 Vt. 305 (citing *Murray v. City of Burlington*, 2012 VT 11, ¶ 2, 191 Vt. 597 (mem.)). In ruling on the motion, the court assumes as true the non-moving party's factual allegations. *Id.* (citing *Murray*, 2012 VT 11, ¶ 2). Although the court may consider evidence outside the pleadings to resolve a motion to dismiss for lack of subject matter jurisdiction, *Mullinex*, 2020 VT 33, ¶ 8, the Muirs have not presented evidence to support their argument that Mr. Senesac lacks an interest in the property where the easement is located. Mr.

Senesac is not required to come forward with proof of his interest in the parcel burdened by the easement in opposing the Muirs' motion, as the Muirs suggest. Reply at 2–3. Instead, the Muirs, as the moving parties, must provide evidence "beyond doubt" in support of their argument, which they have not done. As a result, the Muirs' motion cannot succeed.

Conclusion

For the reasons stated above, the Muirs' motion to dismiss is DENIED.

Electronically signed on October 14, 2025, pursuant to V.R.E.F. 9(d).

Navah C. Spero
Superior Court Judge