Vermont Superior Court
Filed 07/25/24
Caledonia Unit

VERMONT SUPERIOR COURT
Caledonia Unit
1126 Main Street Suite 1
St. Johnsbury VT 05819
802-748-6600
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-01442

---

**James Burke v Nick Deml**

---

# ENTRY REGARDING MOTION

Title:          Cross Motion for Summary Judgment  (Motion: 11)
Filer:          Pamela Eaton
Filed Date:     April 23, 2024

The motion is GRANTED.

This is a Rule 75 appeal seeking to challenge the amount of outside recreational time allowed to Vermont inmates, including Petitioner, who are housed at the CoreCivic, Inc. facility known as the Tallahatchie County Correctional Facility ("TCCF") in Tutwiler, Mississippi.  Specifically, Petitioner Burke complains that he and other Vermont inmates are only given 1.5 hours of outdoor recreational time, and on Sundays they are not admitted to a second yard area with grass.  Petitioner alleges that this is different than inmates in Vermont facilities who enjoy 6 hours of recreational time per day.

Both Petitioner Burke and the Department of Corrections have moved for summary judgment on Petitioner's claims.  After reviewing both parties' motions and statements of undisputed material facts, the Court concludes that there are sufficient undisputed material facts to establish that Respondents are entitled to judgment as a matter of law.

*Undisputed Material Facts*

Based on the affidavits and statements of undisputed material facts, the Court finds the following facts are material to Petitioner Burke's claims and are undisputed.

Beginning on October 1, 2018, the State of Vermont began sending inmates to the TCCF facility pursuant to an agreement between the State of Vermont and CoreCivic, Inc., the owner and operator of TCCF (the "Contract").  Under Section 4.12.5 of the Contract, inmate recreation is governed by two provisions.  First, the Contract requires CoreCivic, Inc. to provide Vermont

inmates with a minimum of six (6) hours of opportunities to be outside their cells every day. These opportunities can include indoor or outdoor recreation or classes, or other activities. Within these six hours, however, CoreCivic, Inc. has agreed to provide 1.5 hours on a daily basis for out-of-unit recreation. In practice, this time has been allocated between two outdoor yards—one primarily concrete and one with some grass.

Petitioner has been housed at TCCF since October of 2018, and he has been provided these daily out-of-cell and recreational opportunities. Petitioner has taken advantage of these opportunities and has occasionally declined these opportunities. It also appears that due to staffing, weather, and other concerns, there have been days where TCCF has had to modify the recreational time offered and its location. There is no evidence that these have been widespread or consistent issues.

Nothing in the Contract, Vermont law, or the Vermont's Department of Corrections' policies require the Department or any of the facilities housing Vermont inmates to provide a set amount of outdoor recreation time or even a minimum of out-of-cell recreation time. As the Department notes, these services are determined on a facility-by-facility basis and are affected by the number inmates in the facility, available staff on a given day, the different populations at a facility—including whether a facility has male and female populations and high and low risk populations. The options are also defined by the nature of the facility and areas available for outdoor or indoor recreation as well as local weather conditions.

TCCF and other facilities are staffed and operated in accordance with the American Correctional Association's standards, and Vermont officials have the right to inspect and monitor operations at TCCF. Vermont, however, is not responsible for training, managing, or even implementing policies at TCCF, except as the Contract may create the right and expectation to certain services and levels of performance.

There is no evidence that TCCF is in violation of the Contract, and the State attests that it is satisfied with TCCF's compliance with the terms of the Contract as appropriate and in-line.

*Standard of Review*

As noted, the present action is a request for review of governmental action under V.R.C.P. 75. The scope of such a review is narrow and defined as one of three classes of decisions. *Rheaume*

*v. Pallito*, 2011 VT 72, ¶¶ 5–8.  In this case, Petitioner is seeking Rule 75 review under the category of mandamus or certiorari because he is seeking enforcement of existing duties and is not seeking to create new duties or require the Department to do more than the law has made it its duty to do and is seeking clarification as to what law affects the merits of his grievance under Article 7 of the Vermont Constitution (common benefits clause).  Id. at ¶ 7, 8; *Ahern v. Mackey*, 2007 VT 27, ¶ 8; Vermont Constitution Art. I, Sec. 7.[1]  Under either mandamus or certiorari, the standard of review is "necessarily narrow," and the Department's policies and implementation are entitled to deference. *Ahern*, 2007 Vt 27, at ¶ 8 (citing *In re Town of Bennington*, 161 Vt. 573, 574 (1993) (mem.)); see also *Lemieux v. Tri–State Lotto Comm'n*, 164 Vt. 110 112–13 (1995).

In addition to the scope of review, this motion is also reviewed under V.R.C.P. 56(a) as both parties have filed motions for summary judgment.  Under this provision, the court may enter summary judgment when, "after adequate time for discovery, a party fails to make a showing sufficient to establish the existence of an element essential to [his or] her case and upon which [he or] she has the burden of proof."  *Gallipo v. City of Rutland*, 2005 VT 83, ¶ 13 (quotation marks omitted).  When determining whether there is a disputed issue of material fact, a court must afford the party opposing summary judgment the benefit of all reasonable doubts and inferences.  *Carr v. Peerless Insurance Co.*, 168 Vt. 465, 476 (1998).  However, a non-moving party cannot rely on bare allegations, unsupported generalities, or speculation to defeat a properly supported motion for summary judgment.  See V.R.C.P. 56(c), (e); *Webb v. Leclair*, 2007 VT 65, ¶ 14 (mem.).  "[C]onclusory allegations without facts to support them are insufficient to survive summary judgment.*" Robertson v. Mylan Laboratories, Inc.*, 2004 VT 15, ¶ 48.  Thus, an opposing party's allegations must be supported by affidavits or other documentary materials which show specific facts sufficient to justify submitting his or her claims to a factfinder.  See *Robertson*, 2004 VT 15, ¶ 15; *Samplid Enterprises, Inc. v. First Vermont Bank*, 165 Vt. 22, 25 (1996).

## *Legal Analysis*

The primary question of this case is whether Petitioner Burke has a right to outdoor recreational time beyond what he is receiving at TCCF.  Petitioner's filings rely on only two sources

---

[1] In this respect, the writ of prohibition (unlawful assumption of jurisdiction), would not apply to what Petitioner is seeking review—namely the implementation of a recreational policy that is inconsistent with the Department's legal obligations.  Id. at ¶¶ 5, 6

for his allegations that he is not receiving the same common benefits as other inmates who are housed in Vermont facilities. These are reference to Section 7 of Article I of the Vermont Constitution and the bald allegation that inmates in the Newport, Vermont correctional facility receive additional outdoor recreational time.[2]

The analysis of a common benefits clause claim begins with the question of whether there is a benefit or protection conferred by the State for the common benefit of the community. *Baker v. State*, 170 Vt. 194, 212 (1999); see also *In re Town Highway No. 20*, 2012 VT 17, ¶ 37. As the Vermont Supreme Court has articulated the test:

> **First**, of course, a plaintiff must show the denial of a common benefit. In doing so, the plaintiff must show disparate and arbitrary treatment when compared to others similarly situated. **Second**, the plaintiff must show that the denial directly favors another particular individual or group. **Finally**, because we must defer to any "reasonable and just" basis supporting a discretionary judgment by a governmental decisionmaker, a plaintiff must demonstrate not only that that the decision was wholly irrational and arbitrary, but also that it was actuated by personal motives unrelated to the duties of the defendant's official position, such as ill will, vindictiveness, or financial gain.

*In re Town Highway No. 20*, 2012 VT 17, at ¶ 37 (emphasis added and internal citations omitted).

In this case, there is no evidence that there has been a denial of a common benefit. Petitioner seeks to narrowly draw the benefit to outdoor time, but this distinction is an artificial one and one created by Petitioner, not the Vermont General Assembly or even the Department of Corrections. As the Department notes, there is no statutory right to either recreational time or a set amount of the time outside of their cells. The Department has created a system where inmates at TCCF receive the equivalent amount of time out of their cells as inmates in Newport. Both populations receive a guaranteed minimum of outdoor recreation time, but apart from that, each facility has the flexibility to schedule and program the out-of-cell time differently.

Petitioner centers his claim on these distinctions, but there is no basis to classify these as fundamental benefits as no branch of government has defined them as such. As a result, there is no evidence that Petitioner is part of a community or group that is denied a common benefit.

---

[2] For the purpose of the following analysis under V.R.C.P. 56, the Court will presume that Petitioner's allegation is true and that inmates in Newport receive a different amount of time in outdoor recreation time.

Even if the Court were to indulge Petitioner's distinctions, he cannot overcome third test of a common benefit, which is to show that the distinction is without reasonable or just basis. The Department in their supporting affidavits and statement of undisputed material facts demonstrate an abundance of policy purposes and distinctions that drive the different types of programs available at each facility, including the nature of the different populations, safety concerns at each site, and the resources in staffing and physical space at each facility. TCCF, in particular, has seven different populations that are managed at the facility, and the specific management and administration decisions are made by a non-party, CoreCivic, Inc., who has the discretion, flexibility, and authority to manage the facility in a manner consistent with the Contract and applicable national standards. Collectively, these circumstances demonstrate a just and reasonable basis for the distinction and for the delegation of these decisions to each facility, rather than making state-wide policy or standards.

Based on this, Petitioner's claim necessarily fails, and the Department is entitled to Summary Judgment on all claims in this matter.

## ORDER

Commissioner Deml and the Department of Corrections are entitled to judgment as a matter of law on Petitioner's claims. Respondent's cross motion for summary judgment is **Granted**, and the present Rule 75 Appeal is **Denied and Dismissed**. Petitioner's motions for summary judgment are **Denied**. All other motions pending in this matter are **Denied as Moot** in light of the Court's grant of summary judgment to Respondents.

Electronically signed on 7/24/2024 2:21 PM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge