VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.      25-AP-283

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

### ENTRY ORDER

FEBRUARY TERM,   2026

| | |
|---|---|
| H. Brooke Paige\* v. State of Vermont and Sarah Copeland-Hanzas | } APPEALED FROM:<br>}<br>} Superior Court, Washington Unit,<br>} Civil Division<br>} CASE NO. 24-CV-04712<br>Trial Judge: Timothy B. Tomasi |

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals a civil division order dismissing his challenge to a statute pertaining to elections for failure to state a claim and for lack of standing.  On appeal, he argues that he has standing under 17 V.S.A. § 2603 to contest the constitutionality of the statute.  We conclude that plaintiff has failed to state a claim for relief under the statute and affirm.

Plaintiff filed suit against the State and Sarah Copeland-Hanzas, the Secretary of State. He alleged that Act 60, an election law from 2021, was unconstitutional on various grounds and sought declaratory relief.  See 2021, No. 60.  To support his cause of action, plaintiff cited 17 V.S.A. § 2603, which allows "any legal voter" to contest the "result of an election for any office," and 17 V.S.A. § 2617, which grants the superior court jurisdiction "to hear and determine matters relating to elections."  In his pleading, plaintiff identified himself as a voter and candidate for statewide and local offices in 2024, and alleged he was injured by what he described as the inequities of the challenged statute.  Plaintiff alleged that Act 60 invited fraudulent activity and was contrary to the Vermont Constitution and therefore required reform. His complaint specifically indicated, however, that he did not "seek to disturb [the 2024 election] results."

The State moved to dismiss, arguing that plaintiff lacked standing and his complaint failed to state a claim for which relief could be granted because the allegations were insufficient to assert an election-contest claim under 17 V.S.A. § 2603.  The civil division agreed, concluding that plaintiff failed to state a claim because he did not challenge any particular election result.

The civil division further concluded that plaintiff lacked standing to seek declaratory and injunctive relief for the alleged constitutional violations in the statute because the complaint did not identify any particularized injury. Although plaintiff generally alleged that the voting procedures disadvantaged certain candidates, he relied on conclusory and speculative allegations and did not plead any injury he was suffering now or that was imminent. Therefore, the civil division dismissed the case. The court subsequently denied plaintiff's motion to reconsider. Plaintiff appeals.

This Court reviews a dismissal for lack of subject matter jurisdiction and for failure to state a claim under Vermont Rule of Civil Procedure 12 without deference, applying the same standard as the trial court. Wool v. Off. of Pro. Regul., 2020 VT 44, ¶ 8, 212 Vt. 305. In reviewing a dismissal for failure to state a claim, we take the factual allegations in the complaint and the inferences that may be drawn from them as true and consider if "it appears beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." Id. (quotation omitted).

On appeal, plaintiff first argues that he has standing to bring a challenge to the 2024 election results under 17 V.S.A. § 2603 because he was a legal voter and had unique interests in the election, including being a candidate for several offices. Plaintiff argues that he should not have to show a particular injury to make a claim under § 2603 because that requirement is not in the statute. Plaintiff argues that several other states have adopted a broader view of litigant standing, and that this Court should do the same.*

We need not address plaintiff's standing arguments because even assuming that plaintiff had standing, he has failed to state a claim for relief under 17 V.S.A. § 2603. This case is controlled by Paige v. State, 2024 VT 7, ¶ 12, 219 Vt. 145. In that case, this same plaintiff sued the State, alleging that Act 60 rendered the November 2022 election results invalid. This Court held that plaintiff had failed to state a claim for relief. We explained that § 2603 did "not permit plaintiff to make constitutional attacks on Act 60 or contest legislative procedural issues without at least some allegation of a materially abnormal result in a particular election." Id. ¶ 5. The Court examined the language of § 2603 and concluded that it provided "a right of action for voters to contest a particular election or public question" but did "not provide a means to challenge every election and question on a single ballot without providing any means of distinguishing among them." Id. ¶ 9. Because plaintiff's complaint in that case did not contest the results of a particular election or result, this Court held that his complaint did not allege a claim for relief and affirmed dismissal of the case. Id. ¶ 11.

---

* Plaintiff filed a motion to submit supplemental briefing and a supplemental brief arguing that he had standing under the reasoning of a recent decision by the U.S. Supreme Court in Bost v. Illinois State Board of Elections, No. 24-568, 2026 WL 96707 (U.S. Jan. 14, 2026). Because our decision rests on the required elements under Vermont's statute and not on plaintiff's standing, we accept the supplemental brief but do not address the arguments raised in it.

Here, similarly, plaintiff has not stated a claim for relief under § 2603. Plaintiff alleges that there were constitutional defects in the election procedures in the 2024 election because of Act 60 and seeks declaratory relief. He does not, however, identify a particular election result that he is attempting to challenge under § 2603. Therefore, plaintiff has failed to state a claim for relief under § 2603 and the civil division properly dismissed his complaint.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Harold E. Eaton, Jr., Associate Justice

_____
Nancy J. Waples, Associate Justice